

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------   X

CASSANDRA JULME and CHRISTINA
OLYMPIA,

                    Plaintiffs,                **OPINION AND ORDER**
                                          05-CV-0995 (SJF)(VVP)

      -against-

FRANKLIN FIRST FINANCIAL, LTD. and
RICHARD PRIESIG,

               Defendants.

-------------------------------------------------------------------   X

FEUERSTEIN, J.

      On February 23, 2005, Cassandra Julme (Julme) and Christina Olympia (Olympia)

(collectively, plaintiffs) commenced this employment discrimination action against Franklin First

Financial, Ltd. (Franklin) and Richard Priesig (Priesig) alleging claims under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII) and New York State law.

Defendants now separately move for dismissal of the complaint pursuant to Fed. R. Civ. P.

12(b)(6). For the reasons set forth herein, Priesig's motion is granted and Franklin's motion is

denied.

I.      BACKGROUND

A.     Factual Background

      Julme and Olympia were employed by Franklin and supervised by Priesig. (Compl. at ¶¶

3-5). Plaintiffs claim that they were the targets of Priesig's "unwelcomed and unwanted sexual

advances" and other sexually abusive conduct while working at Franklin. (Compl. at ¶ 19). This

conduct forms the basis, *inter alia*, for plaintiffs' claims that a hostile work environment existed at Franklin as defined by Title VII and New York State law.

In addition, plaintiffs claim: (1) that Franklin retaliated against them by taking away their potential clients, removing their computer equipment and failing to cure the allegedly harassing conduct after they complained about it (Compl. at ¶¶ 25, 28, 35, 38); (2) that Franklin was negligent in hiring, retaining and placing Priesig in charge of its Manhattan office (Compl. at ¶ 32); (3) that they were constructively terminated from their employment due to Priesig's actions and Franklin's unresponsiveness to their complaints (Compl. at ¶ 41); and (4) that they were denied earned compensation and commissions. (Compl. at ¶ 44). Julme further alleges battery, assault, intentional infliction of emotional distress, and false imprisonment by Priesig. (Compl. at ¶ 46).

B.    Procedural Background

On October 6, 2004, each plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (EEOC) against Franklin only, alleging sexual discrimination and harassment. On December 20, 2004, the EEOC issued a Dismissal and Notice of Rights to each plaintiff finding that there was no violation of Title VII.

On February 23, 2005, plaintiffs commenced the instant action.

Defendants have separately moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Franklin asserts that Olympia cannot prove any set of facts which would support her claims arising under Title VII and that this Court should decline to exercise supplemental jurisdiction to hear Olympia's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Franklin has not moved to dismiss Julme's claims. Priesig asserts: (1) that he, as an individual, cannot be held

personally liable for claims arising under Title VII or, in the alternative, that plaintiffs have not satisfied the EEOC filing requirement with respect to any claims against him; (2) that the complaint fails to plead a cause of action for assault, battery, false imprisonment or intentional infliction of emotional distress; and (3) that the common law intentional tort claims are time-barred.

II.    DISCUSSION

A.    Standard of Review

Dismissal under Rule 12(b)(6) may be granted only if the Court finds that "even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle [her] to relief." Frommert v. Conkright, 433 F.3d 254, 262 (2d Cir. 2006). The court must "accept as true all factual allegations in the complaint and construe all reasonable inferences in the non-movant's favor." Shah v. Meeker, 435 F.3d 244, 248 (2d Cir. 2006). When hearing a motion to dismiss for failure to state a claim, this Court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 125 S.Ct. 1497, 1510, 161 L.Ed.2d 361 (2005) (internal quotation omitted).

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached

-3-

to the complaint as exhibits or incorporated in the complaint by reference." Newman & Schwarz

v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996) (internal quotation and citation

omitted).  Therefore, the only documents this Court will consider on the motion are the

complaint and the EEOC Dismissal and Notice of Rights attached as exhibits to the complaint.

Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) (holding that a district court errs

when it considers affidavits and exhibits submitted on a motion to dismiss); Celauro v. United

States Internal Revenue Service, 411 F.Supp.2d 257, 263 (E.D.N.Y. 2006) (accord).


B.      Priesig's Motion to Dismiss

        1.      Plaintiffs' Title VII Claims

        Individual defendants may not be held personally liable under Title VII. Patterson v.

County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004); Tomka v. Seiler Corp., 66 F.3d 1295,

1305 (2d Cir. 1995).  In addition, plaintiffs failed to timely file an EEOC complaint against

Priesig and have not alleged any grounds for an extension of the filing period.  Quinn v. Green

Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998);  See also National R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Zipes v. Trans World

Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).  Therefore, plaintiffs'

Title VII claims against Priesig are dismissed with prejudice.

        2.      Julme's State Law Tort Claims

        The complaint also alleges that Priesig committed the intentional torts of battery, assault,

false imprisonment and intentional infliction of emotional distress by making "unwanted and

unwelcomed sexual advances" towards Julme. (Compl. at ¶¶ 19, 46).

Once a federal court has dismissed a plaintiff's federal law claims, the court may decline to exercise supplemental jurisdiction over that plaintiff's state law claims. While the dismissal of state law claims is not always required when the federal claims in an action are dismissed, see Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391-92, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); Mauro v. Southern New England Telecommunications, Inc., 208 F.3d 384, 388 (2d Cir. 2000), a district court should decline to exercise supplemental jurisdiction if all federal claims have been dismissed at the pleadings stage, Denney v. Deutsche Bank AG, 443 F.3d 253, 266-267 (2d Cir. 2006); Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003); see also 28 U.S.C. 1367(c)(3) ("A district court may decline to exercise supplemental jurisdiction . . . if—the district court has dismissed all claims over which it has original jurisdiction.").

Since all federal law claims against Priesig are dismissed, I decline to exercise supplemental jurisdiction over Julme's state law claims against Priesig. Accordingly, plaintiffs' complaint is dismissed in its entirety as against Priesig.

3.    Sanctions

Under the Federal Rules, an attorney "[b]y presenting to the court . . . a pleading, written motion, or other paper . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b). The court may, in its discretion, impose sanctions against an attorney pursuant to Rule 11(c) if, for example, case law is clearly contrary to the position taken in a complaint and the attorney offers no argument why that law should be extended, modified, or reversed. See

-5-

Knipe v. Skinner, 19 F.3d 72, 76-77 (2d Cir. 1994).

Although Priesig has shown: (1) that his attorney wrote letters to Julme's attorney advising him of the bar against personal liability under Title VII; (2) that Julme's attorney chose not to argue for the "extension, modification, or reversal of existing law," Fed. R. Civ. P. 11(b)(2); and (3) that Julme's attorney did not withdraw her claims against Priesig, his application for leave to seek sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A) is denied.


C.     Franklin's Motion to Dismiss

Franklin has moved to dismiss Olympia's claims against it alleging that she cannot prove any set of facts which would support her claims arising under Title VII and that this Court should decline to exercise supplemental jurisdiction to hear her state law claims pursuant to 28 U.S.C. § 1367(c)(3).

The Supreme Court has specifically held that a plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  In pleading employment discrimination cases, all that is required is that the plaintiff "satisfy...the simple requirements of Rule 8(a)." Id. at 513, 122 S.Ct. 992; see Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004).  Discovery or a motion pursuant to Rule 12(e) are available to a defendant who believes that a claim is meritless. Swierkiewicz, 534 U.S. at 514, 122 S.Ct. 992 ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.").

Title VII states, in relevant part, that "[i]t shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim for hostile work environment under Title VII, the plaintiff must prove that she was subjected to conduct that was "sufficiently severe or pervasive as to alter the conditions of [her] employment and create a hostile working environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 62, 106 S.Ct. 2399, 91, L.Ed.2d 49 (1986). In the event an employer discriminates against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]" the employer may be found liable under Title VII. 42 U.S.C. § 2000e-3(a).

Olympia's complaint alleges (1) that she was the target of "unwelcomed and unwanted sexual advances [, soliciations for] sexual favors, [and] other verbal or physical conduct of a sexual nature" (Compl. at ¶ 19); (2) that Franklin failed to take corrective action after she complained about her working environment (Compl. at ¶ 22); and (3) that Franklin retaliated by "[taking] away potential clients, [and] computer equipment that facilitated Plaintiffs' work." (Compl. at ¶ 25). The complaint gives Franklin fair notice of the basis of Olympia's Title VII claims and, thus, satisfies the liberal pleading requirements of Rule 8. Olympia's failure to allege specific dates, or other details does not require dismissal of her claims at the pleadings stage. Moreover, Olympia is entitled to an inference that the harassing acts took place at some point within the 180 day period prior to the filing of her EEOC complaint on October 6, 2004. See

-7-

Asplundh, 102 F.3d at 662 (holding that on a motion to dismiss, the non-movant is entitled to the benefit of all the most favorable inferences).   Accordingly, Franklin's motion to dismiss Olympia's Title VII claims against it is denied and I retain pendent jurisdiction over Olympia's state law claims.

III.    CONCLUSION

Priesig's motion to dismiss plaintiffs' complaint is granted and the complaint is dismissed in its entirety as against Priesig; and Franklin's motion to dismiss Olympia's claims is denied. The remaining parties are directed to appear in my courtroom **at 225 Cadman Plaza, Brooklyn, New York, on Monday, June 5, 2006 at 10:00 a.m.** for a settlement and/or scheduling conference with authority, or persons with authority, to resolve this action. The parties are directed to engage in good faith settlement negotiations prior to the conference.

IT IS SO ORDERED,

SANDRA J. FEUERSTEIN
United States District Judge

Dated: _____, 2006

Copies to:

SIM & PARK, LLP
450 Seventh Avenue
Suite 1805
New York, NY 10123

-8-

LAWRENCE R. GELBER
34 Plaza Street
Suite 1107
Brooklyn, NY 11238

NEIL H. GREENBERG & ASSOCIATES, P.C.
900 Merchants Concourse
Suite 214
Westbury, NY 11590